### HARDY v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
October 25, 1927.

No. 4939.

**1. Criminal law ⬸322—Presumption is that oath certified by notary was properly administered.**

Where an oath was signed by defendant, with jurat by a notary public, the presumption is that it was properly administered by the notary.

**2. Bankruptcy ⬸496—Whether bankrupt made false oath and concealed property held for jury.**

In prosecution of bankrupt for making false oath and concealing property, issues *held* for jury under the evidence.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Criminal prosecution by the United States against John E. Hardy. Judgment of conviction, and defendant brings error. Affirmed.

Casper Wiseman, of Savannah, Ga. (Aaron Kravitch, of Savannah, Ga., on the brief), for plaintiff in error.

Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. John E. Hardy was convicted as charged in two indictments, which were consolidated for trial.

[1, 2] He was charged in one indictment with having made a false oath to a schedule in bankruptcy, in that he represented that he had no cash on hand, whereas in truth and in fact he had $5,000 in money; and in the other indictment he was charged with having concealed, while a bankrupt, $5,000 from his trustee. The oath which it was alleged was false was put in evidence. It was in the form required by the Bankruptcy Act (11 USCA § 25), and on its face appears to have been signed and sworn to by defendant before Miss Mary E. Robidear, a notary public. Miss Robidear testified that she had no independent recollection of the details of the taking of this particular oath, but that it was her custom always to require a person signing an affidavit before her to swear to the truth of its contents, and that she never intentionally varied from this custom. Miss Robidear was also stenographer for the attorney who prepared and dictated to her in defendant's presence the information contained in the schedule in question. The defendant admitted that he signed the oath and schedule, and testified that he did so at the request and in the presence of his attorney, while Miss Robidear was not present; that within a few minutes she came into the office where he and the attorney were, and asked the latter if he was through with the papers, and, upon receiving from him an affirmative reply, picked them up and walked out; and that he was not sworn by her or by any one else.

A witness for the government, J. M. Blakewood, testified that three or four days before the petition in bankruptcy was filed, while he was in a restaurant, he saw defendant pull out a roll of bills in which were contained several bills of the denomination of $1,000 each. A witness called by defendant testified that Blakewood stated in his presence that, when the defendant went to pay for his lunch, some one said, "Look at the $1,000 bills;" that he then glanced up at the money, and thought it contained some $1,000 bills, but was not positive. The court refused defendant's request to charge the jury that Blakewood had made contradictory statements, and that they had the right to disregard his testimony.

Defendant assigns error on the refusal of the court to direct a verdict in his favor, on the ground that the evidence failed to show that he had taken the oath alleged, and to charge as requested in regard to Blakewood's testimony.

The oath is signed by defendant, and the jurat by Miss Robidear as notary public. The presumption arises from the paper itself that defendant took the oath and that the notary public, in the performance of her duty, administered it. That presumption is made stronger by the notary's testimony as to her habit or custom; for, in the absence of the notary's ability to recollect the particular transaction, the evidence is the best that could be expected, and fully measures up to that which usually is available in such cases. The mere denial of defendant did no more than produce a conflict between positive and circumstantial evidence, and it therefore was not error to refuse to take the case from the jury. Defendant's testimony, to the effect that he did not read the affidavit or know its contents, was only entitled to such weight as the jury might give it, and could properly be weighed by them in the light of the circumstance that he was present and heard the statements of fact as they were dictated by his attorney.

Defendant's request to charge was properly refused. The evidence fails to show that Blakewood contradicted himself. It goes no further than to show that he was contradicted by another witness, which again only created a conflict of evidence, to be passed upon by the jury.

The judgment is affirmed.